UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 JAN 20  AM 10: 52
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

SAM E. BUHROW,
    Plaintiff,

Case No. : _6:11-CV-78-28DAB_

vs.

WELTMAN, WEINBERG & REIS CO., L.P.A.,
    an Ohio professional corporation,

and

JOHN and JANE DOES I - V,
    Defendant(s)        /
_____/

## COMPLAINT
(Jury Trial Demand)

### INTRODUCTION

1. This is an action for damages brought by an individual consumer, SAM E. BUHROW (hereinafter "SAM BUHROW"), for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This action arises from WELTMAN, WEINBERG & REIS CO., L.P.A.'s (hereinafter, "WW&R") and John and Jane DOES I - V's communications (i.e., telephone messages) to Plaintiffs which violated :

(1) § 1692e(11) because Defendants failed to disclose that it is a debt collector; and/or

(2) § 1692d(6) because Defendants failed to meaningfully disclose its identity. Consumer seeks an award of statutory damages (in the total amount of $ 1,000), plus reasonable attorney's

1

fees and costs to be awarded jointly and severally against each of the Defendants.

## I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resides in this District (i.e., Osceola County, Florida) and the Defendants transact business here. Furthermore, Defendant WW&R placed at least one telephone call to the Plaintiff in this District.

## II. PARTIES

4. Plaintiff, SAM E. BUHROW (hereinafter, "SAM BUHROW"), is a natural person who, at all times relevant, resided in Osceola County, Florida.

5. Plaintiff SAM BUHROW is a "consumer" as this term is defined by 15 U.S.C. § 1692a(3).

6. Defendant WELTMAN, WEINBERG & REIS, CO., L.P.A., (hereinafter "WW&R" or "Defendant") is an Ohio professional corporation whose principal place of business is 323 West Lakeside Avenue, Suite 200 in Cleveland, Ohio (44113).

7. Defendant WW&R's registered agent in the State of Florida is NRAI Services, Inc. whose address is 2731 Executive Park Drive, Suite 4, in Weston, FL 33331.

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant WW&R but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants John and Jane DOES I, II, III, IV, and V.

2

(Defendants WW&R and John and Jane DOES I - V are hereinafter collectively referred to as the "Defendants").

9. Defendants John and Jane DOES I - V created, approved, directed, supervised, and/or participated in Defendant WW&R's collection practice of leaving telephone messages which fail to inform the consumer (a) of identity of Defendant WW&R and (b) that the purpose of the call was to collect a debt or that the call was from a debt collector.

10. Defendant Jane DOE IV is an employee of Defendant WW&R who used the name "Donna" when leaving a message for Sam Buhrow.

11. Defendant Jane DOE V is an employee of Defendant WW&R who used the name "Ryan Lovely" when leaving a message for Sam Buhrow.

12. Defendants WW&R and John and Jane Does I - V are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

13. Defendant WW&R is licensed as a "debt collector" in the State of Florida.

14. The principal purpose of the Defendant WW&R is the collection of debts using the mails and telephone.

15. Defendant WW&R regularly attempts to collect debts alleged to be due to another.

16. Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

17. All acts of the individual (John and Jane Doe) defendants described below were committed with the intent to collect the Alleged Account on behalf of Defendant WW&R.

3

## III FACTUAL ALLEGATIONS

18.  At all times material hereto, Credit One Bank, N.A. ("Credit One Bank") was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4) . Credit One Bank engages in issuing credit cards to consumers..

19.  At all times material hereto, the account that Defendant WW&R attempted to collect (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

20.  The Alleged Account went into default before Defendant WW&R acquired any interest in the Alleged Account.

21.  At some unknown time in the past, WW&R directly or indirectly contracted with Credit One Bank (or Credit One Bank's successors in interest) for the purpose of collecting the afore described consumer debt.

22.  Defendants WW&R and John and Jane DOES IV - V left the following messages on SAM BUHROW's voice mail on or about the dates (and times) stated :

**November 11, 2010**           12:20 P.M.  E.S.T.

"Mr. Buhrow, this is Donna.  Return my call when you get this message to (614) 801-2648. Thank you."

**November 16, 2010**           5:28 P.M.  E.S.T.

"Bonnie Callens, this is Donna at Weltman Weinber & Reiss."

**November 17, 2010**          3:40 P.M. E.S.T.

"Hey if Sam, return my call to Ryan Lovely at (614) 801-2686."

(The messages described above along with any other telephone messages that Defendants left on other occasions within the 365 day period immediately preceding the date this Complaint was filed are hereinafter referred to as the "telephone messages".)

23.     Defendants' telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Merchs. Ass'n Colection Div.*, 586 F.Supp.2d 1336 (S.D. Fla. 2008).

24.     In their telephone messages to Plaintiff, Defendants failed to state that the call was from a debt collector and/or meaningfully disclose the identity of Defendant WW&R.

25.     All telephone messages were left on behalf of Defendant WW&R and were made within the scope of the employment and agency of Defendants John and Jane DOES I - V.

26.     All of Defendant WW&R's collection actions at issue in this matter occurred within one year of the date of this Complaint.

27.     The statements made by Defendant WW&R and John and Jane DOES I - V are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

28.     SAM BUHROW has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

### IV. COUNT I
### SAM BUHROW v. WW&R and John and Jane DOES I - V
**(Fair Debt Collections Practices Act)**

29. Plaintiff SAM BUHROW repeats and re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. Defendants failed to meaningfully disclose in one or more of the telephone messages the identity of Defendant WW&R in violation of 15 U.S.C. § 1692d(6). Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1351-52 (N.D.Ga. 2008) *aff'd on onther grounds*, 584 F.3d 1350 (11th Cir. 2009).

31. Defendants failed to disclose in the telephone messages that the call was from a debt collector in violation of 15 U.S.C. § 1692e(11). Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1351-52 (N.D.Ga. 2008) *aff'd on onther grounds*, 584 F.3d 1350 (11th Cir. 2009); Drossin v. National Action Financial Services, Inc., 641 F.Sup.2d 1314, 1319-20 (S.D. Fla. 2009); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); and *Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 643, 646 (D.N.Y. 2006).

WHEREFORE, Plaintiff SAM BUHROW requests that the Court enter judgment in favor of Plaintiff SAM BUHROW and jointly and severally against Defendant WELTMAN, WEINBERG & REIS CO., L.P.A., and John and Jane Does I, II, III, IV, and V for :

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable

in this action.

Dated : JANUARY 19, 2011.

*/s/ Donald E. Petersen*

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post    Office   Box   1948
Orlando,  FL   32802-1948
Voice :          (407) 648-9050
Facsimile :     N/A
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.           0776238
Attorney for the Plaintiff,
SAM E. BUHROW